857 So.2d 623 (2003)
Guy M. GUIDRY
v.
Clarence BREWER d/b/a Brewer's Construction
No. 2002 CA 2693.
Court of Appeal of Louisiana, First Circuit.
September 26, 2003.
*624 William R. Mustian, III, Metairie, Counsel for Plaintiff/Appellant Guy M. Guidry.
John J. Rabalais, Covington, Counsel for Defendant/Appellee Clarence Brewer d/b/a Brewer's Construction.
Before: PETTIGREW, DOWNING and McCLENDON, JJ.
DOWNING, J.
Guy Guidry (Guidry) appeals a judgment dismissing his workers' compensation action against his employer, Clarence Brewer, d/b/a Brewer's Construction Company (Brewer). The Workers' Compensation Judge (WCJ) found that Guidry failed to establish a work-related accident. Brewer answered the appeal alleging that the WCJ erred in failing to order the forfeiture of Guidry's benefits and in assessing Brewer with costs. Both parties contested dismissal of their respective penalty claims. For the following reasons, we affirm the workers' compensation judgment.

FACTS AND PROCEDURAL HISTORY
Brewer was renovating an apartment complex. He hired Guy Guidry as a contract labor employee to help with the repairs. Guidry claimed his back was injured on the job on April 18, 2001, while lifting a piece of sheetrock. The only witness to this event was his helper and friend, Marc Hammac. Guidry had worked sporadically for Brewer for several years, but Hammac was only hired one week prior to the incident. At the time, Guidry was taken to East Jefferson General Hospital, and on May 13, 2001, he went to the emergency room at the St. Tammany Parish Hospital for acute low back pain. At both hospitals he received medicine for pain and a muscle relaxant. He continued treatment for back pain. On August 29, 2001, an MRI confirmed that Guidry had a herniated disc at L 4-5. Brewer, however, disputed that Guidry incurred the injury while working as his employee.
The matter was tried October 2, 2002. Judgment was rendered October 22, 2002, dismissing the action. The WCJ concluded that Guidry failed to meet his burden of *625 proof to establish that he incurred a work-related accident. The WCJ further concluded that while there were inconsistent statements and misrepresentations on both sides, the discrepancies did not meet the criteria to impose penalties under La.R.S. 23:1208. He therefore dismissed each party's La.R.S. 23:1208 penalty claim. He cast Brewer with all costs of litigation. From that judgment, Guidry appealed and Brewer answered the appeal.
GUIDRY'S ASSIGNMENTS OF ERROR
Guidry alleges that the trial court erred:
In finding insufficient proof of an accident where an eyewitness testified to the details and that testimony was unchallenged.
In failing to assess penalties pursuant to La.R.S. 23:1208(D) where there was evidence that the employer schemed to provide perjured testimony to defeat the claim.
In not reaching issues of causation, extent of disability, compensation rate, medical bills and authorization for surgery.
BREWER'S ANSWER TO APPEAL
Brewer alleges that the trial court erred:
In failing to assess penalties and attorney fees against the employee pursuant to La.R.S. 23:1208. And failing to order employee to forfeit the benefit entitlement when the employee misrepresented his medical history and the facts of the accident.
In assessing the employer with all costs of the proceeding when the claimant did not prevail in his claim.

WORK-RELATED ACCIDENT
An injured employee is entitled to receive benefits for an injury that arises out of and in the course of his employment. La.R.S. 23:1031. The employee who claims a right to collect workers compensation benefits has the burden of proving a work-related accident by a preponderance of the evidence. Issa v. LL&G Construction, Inc., 02-1215, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 912, 914. Pursuant to La.R.S. 23:1021(1) accident means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury that is more than simply a gradual deterioration or progressive degeneration. Id. The claimant is not required to establish the exact cause of the disability, but the claimant must demonstrate that the accident had a causal connection with the disability. Quinones v. United States Fidelity and Guaranty Company, 93-1648, p. 6 (La.1/14/94), 630 So.2d 1303,1306-1307.
Guidry alleges that the trial court erred in finding insufficient proof that his herniated disc was incurred by an accident while working for Brewer. Guidry contends the evidence proved that when lifting a board of sheetrock, he felt a "pop" in his back and dropped to his knees in pain. Guidry argues that this incident should have been considered an accident by the WCJ because he was relatively symptom free before picking up the sheetrock and incapacitated afterwards. Guidry testified that Mark Hammac, his helper at the construction site, was an eyewitness. Guidry argues that the WCJ disregarded Hammac's testimony and also disregarded the testimony of Dr. Waguespack, his orthopedic surgeon.
We first address Hammac's deposition testimony. While Hammac might be truthful in his testimony, the recitation of facts, as he witnessed them, does not prove that a "precipitous event" caused Guidry's *626 herniated disc. Hammac merely confirmed that Guidry complained about his back hurting while carrying a board of sheetrock and that he dropped to his knees, nearly in tears with pain. This testimony fails to show that picking up the material caused Guidry's ruptured disc or that some other cause was not responsible for the injury.
Dr. Waguespack's deposition testimony might arguably have proven that an accident occurred because he did testify that in his opinion Guidry's back injury occurred when he picked up the sheetrock while working for Brewer. Dr. Waguespack's deposition testimony stated that Guidry had an MRI September 4, 2001, indicating a disc herniation at L 4-5 and that this injury was the cause of the pain in his back and down his left leg and foot.
The WCJ found, however, that Dr. Waguespack's opinion was based upon "faulty, incomplete medical histories provided by Guidry." The record reflects that Guidry made numerous inconsistent statements with respect to his prior medical history. Guidry omitted the fact that he was previously treated for similar back pain eight years earlier and for a urinary tract infection and sciatica manifesting similar symptoms six months prior to this incident. These omissions are in direct contradiction to medical records introduced into evidence. However, Guidry testified that after being conservatively treated following both of these incidents, he had no further symptoms until the accident while working for Brewer.
On October 12, 2000, Guidry went to the Washington-St. Tammany Medical Center complaining that he hurt his back when lifting a barbeque grill. This report, generated six months prior to the April 2001 alleged accident, did show some osteoporosis and degeneration of the spine, but the diagnosis was a urinary tract infection and sciatica. While Guidry's complaints to Dr. Nanjappa were similar to those alleged in the accident at issue, he was treated for the infection and not for spinal problems.
Dr. Claude Williams, an orthopedic surgeon who examined Guidry on March 20, 2002, at the request of the employer, explained in deposition that the diagnoses of a back injury is based largely on the truthfulness of the patient. And since Guidry did not report his previous emergency room visits for back pain, he could not state with a 100% certainty whether the ruptured disc was caused by the incident while working for Brewer.
An example of the consequence of a lack of credibility comes from Dr. John P. Sweeney, an orthopedic surgeon. Dr. Sweeney examined Guidry and initially determined that, in his opinion, the substantial disc bulge encroaching on the nerve roof was caused from the work-related incident while working for Brewer. However, in a deposition on January 10, 2002, Dr. Sweeney recanted this opinion and testified that his prior opinion was based upon an incomplete or inaccurate medical history. Specifically, he was unaware of Guidry's prior accidents and other important deficits in his medical history.
Dr. Sweeney testified that Guidry's responses to stimuli also indicated "symptom magnification." In other words, his symptoms were out of proportion to what he found in the physical exam. Dr. Sweeney agreed that Guidry did have a bulging lumbar disc but that it appeared to be degenerative in nature. He explained that before he had the accurate and complete medical report, he thought the symptoms could be from a work-related injury, but not after seeing the complete picture. The complete picture included other back pain incidents such as when Dr. Morris Klinger treated Guidry in 1993 after an automobile accident. Dr. Klinger testified that x-rays *627 taken at that time showed that Guidry had sclerosis of T10 and Til causing back and leg pain. And earlier in 1992, Dr. Andrew P. Mayer treated Guidry for pain "radiating down his back which felt like a knife" that was brought on by lifting a heavy generator.
After considering the totality of circumstances, the WCJ concluded that Guidry failed to establish, by a preponderance of the evidence, that his injury occurred while working for Brewer or that it was the reason for his present back disability. The WCJ specifically found that it was more probable that not that Guidry's present complained of condition arose from incidents not associated with Guidry's employment with Brewer.
We note that generally a causal connection can be established when the employee proves that before the accident he was in good health, but commencing with the accident, the disabling symptoms appeared, and there is sufficient medical evidence to show a reasonable possibility of a causal connection between the accident and the disabling injury. Quinones, 93-1648 at pp. 6-7, 630 So.2d at 1307. In this case, however, there was evidence that Guidry was suffering symptoms from a degenerative spinal disease years preceding the alleged accident. Thus, the WCJ did not err in determining that Guidry failed to prove that his herniated disc resulted from an "unexpected or unforeseen actual, identifiable, precipitous event" as required in La.R.S. 23:1021(1). Considering the medical evidence regarding Guidry's compromised spine, and based upon our review of the record, it was equally reasonable that Guidry's injury resulted from a gradual deterioration or degeneration rather than an accident as defined in La.R.S. 23:1021(1). An appellate court's review of factual findings is governed by the manifest error standard. Freeman v. Poulan/Weed Eater, 93-1530, p. 4 (La.1/14/94), 630 So.2d 733, 737. A factual finding cannot be set aside unless the appellate court finds that it is manifestly erroneous. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
Accordingly, we find no manifest error in the WCJ's determination that Guidry failed to prove his present condition arose from an accident while working for Brewer. Thus, Guidry's first assignment of error is without merit. This holding renders Guidry's third assignment of error regarding causation, extent of disability, compensation rate, medical bills, and authorization for surgery, moot. La.R.S. 23:1208

PENALTIES
Guidry and Brewer both allege that the WCJ erred in failing to assess penalties against the opposing party because of their respective lack of veracity.
Guidry claims it was error not to assess penalties pursuant to La.R.S. 23:1208(D) where there was evidence of Brewer scheming to provide perjured testimony to defeat his claim.
Conversely, Brewer claims the WCJ erred in not ordering Guidry to forfeit benefits or in not assessing Guidry with penalties and attorney fees when he misrepresented his medical history and other facts surrounding the alleged accident.
La.R.S. 23:1208 provides, in pertinent part:
A. It shall be unlawful for any person, for purpose of obtaining or defeating any benefit or payment under this Chapter, to willfully make a false statement or representation.
....
D. [A]ny person violating the provisions of this Section may be assessed civil penalties by the workers' compensation judge of not less *628 than five hundred dollars nor more than five thousand dollars....
E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any rights to compensation benefits.

ASSESSING EMPLOYER WITH PENALTIES
Guidry's second assignment of error alleges that the WCJ erred in failing to assess penalties pursuant to La.R.S. 23:1208(D) when Brewer schemed to get a co-worker to testify that Guidry complained with back pain prior to the alleged accident.
The WCJ, however, concluded that the co-worker made no bones about having a blatant disregard for the truth. The co-worker admitted he experienced addiction and other emotional problems and told each side whatever it wanted to hear. The WCJ stated that the testimony was of little value and failed to assess penalties against Brewer.
The record reflects that no competent evidence was introduced to prove Brewer schemed to undermine Guidry's workers compensation claim. Accordingly, the WCJ did not err in finding that the requirements to impose sanctions pursuant to La.R.S. 23:1208 were not met. Therefore, this assignment of error is without merit.

FORFEITURE OF BENEFITS
Brewer argues that Guidry should be denied benefits because of alleged willful misrepresentations. The WCJ determined that there were numerous inconsistencies in Guidry's testimony concerning his prior injuries. But he assessed neither penalties nor attorney fees. The WCJ found Guidry's recollection of events to be selective, but noted "Guidry's missteps with the truth do not rise to the level of statutory forfeiture."
Benefits are forfeited only upon "willfully" made false statements. La.R.S. 23:1208. It is well settled that false statements that are willfully made for the purpose of obtaining workers' compensation benefits constitutes an attempt to defraud the system, and the plain language of the statute mandates benefit forfeiture. St. Bernard Parish Police Jury v. Duplessis, 02-0632, p. 9 (La.12/4/702), 831 So.2d 955, 960. However whether a statement was made "willfully" is a credibility call. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Parfait v. Gulf Island Fabrication, Inc., 97-2104, p. 4 (La.App. 1 Cir. 1/6/99), 733 So.2d 11, 16.
The thrust of Brewer's argument is that Guidry failed to disclose his two visits to the Bogalusa emergency room when he was having pains in his back running down his leg. Brewer claims that this selective recall was done intentionally to obtain workers compensation benefits and, thus, La. R.S. 23:1208 penalties must be triggered pursuant to the ruling in Resweber v. Haroil Construction Company, 94-2708, 94-3138 (La.9/5/95), 660 So.2d 7.
The record reflects, and Guidry admitted, that he did not give a complete and accurate medical history to the claims adjuster or in his deposition. However, Dr. Waguespack, his treating physician, testified in deposition, that Guidry did disclose previous back pains and was truthful in saying he never had back surgery or made a workers compensation claim.
*629 We agree that while Guidry's recollection of events may have been selective, it was not manifestly erroneous for the WCJ to find that Guidry's "missteps with the truth" do not rise to the level of statutory forfeiture. Forfeiture of benefits under La. R.S. R.S.23:1208 requires (1) a false statement or representation, (2) willfully made, (3) for the purpose of obtaining or defeating any benefit or payment. Resweber, 94-2708 at p. 7, 660 So.2d at 12. There is no question that Guidry did not give an accurate and complete medical history to the claims adjuster or in his deposition regarding incidents nearly ten years earlier. However, it is not unreasonable for the WCJ to give him the benefit of the doubt on the old injuries and consider them an oversight rather than a deliberate false representation. Further we note that the more recent back pain incident was diagnosed as being caused by a urinary tract infection and sciatica.
Accordingly, Brewer's second assignment of error is without merit.

ASSESSING COSTS AGAINST EMPLOYER
Brewer alleges that the WCJ erred in assessing him with the costs of this proceeding when Guidry did not prevail in the claim.
A trial court is given great discretion in taxing costs in any manner it deems equitable. La.C.C.P. art.1920. A trial court's assessment of costs will not be reversed on appeal in the absence of an abuse of discretion. Ford v. State Dept. of Public Safety, 00-1546, p. 1 (La.App. 3 Cir. 6/5/02), 819 So.2d 1156, 1157. However, jurisprudence has also established that when a prevailing party is taxed with the costs of litigation, it is usually because the party in some way incurred additional costs pointlessly or engaged in other conduct that justified an assessment of costs against the litigant. Id.
In this case, the WCJ gave precise and cogent reasons why Brewer was assessed with costs even though Guidry did not prevail on his claim. The WCJ stated that Brewer's behavior was overzealous and overbearing, causing needless demands on the WCJ's schedule.
We conclude that the WCJ did not abuse his vast discretion in casting Brewer with all costs. This assignment of error is without merit.

DECREE
For the reasons stated above we affirm the judgment of the Workers' Compensation Judge. The cost of this proceeding is to be equally assessed against both parties.
AFFIRMED.
McCLENDON, J., concurs.