879 So.2d 763 (2004)
Sundra LIZANA
v.
GULF COAST PAIN INSTITUTE.
No. 2003 CA 1672.
Court of Appeal of Louisiana, First Circuit.
May 14, 2004.
*764 D. Bruce Cameron, Slidell, Counsel for Plaintiff/Appellee Sundra Lizana.
Frank E. Brown, III, Baton Rouge, Counsel for Defendants/Appellants Gulf Coast Pain Institute and Louisiana Workers' Compensation Corporation.
Before: PETTIGREW, DOWNING, and McCLENDON, JJ.
MCCLENDON, J.
In this workers' compensation case, the sole issue raised on appeal is whether the employee's medical condition is the consequence of a work-related accident. For the following reasons, we affirm the judgment of the Office of Workers' Compensation in favor of the employee.
On August 1, 2001, while in the course and scope of her employment with Gulf Coast Pain Institute, Sundra Lizana suffered a work-related accident. As she carried medical charts, Ms. Lizana tripped on a medical crate and fell, striking her right knee and upper left body. The following day, Dr. Lew, the owner of Gulf Coast Pain Institute, examined Ms. Lizana's knee and neck. He prescribed medication and advised Ms. Lizana to see an orthopedist if the knee did not get better in a few days. He also opined that her neck pain was secondary to the knee injury because she was favoring the knee. The knee did not resolve satisfactorily. On August 6, 2001, Dr. Brian Fong, an orthopedist, examined Ms. Lizana's right knee. Dr. Fong diagnosed Ms. Lizana with a right knee contusion, opined that it would take three to four months to resolve, and released her to work to full duty that day. Ms. Lizana returned to work.
At trial, Ms. Lizana testified that, although she occasionally had muscle spasms in her neck and back prior to the accident, the pain after August 2001 was a "completely different pain." She testified that she initially treated her injuries with anti-flammatory medications, expecting her injuries to resolve once the knee healed. However, the pain in her neck and back worsened continuously after the accident. By January of 2002, she was experiencing "excruciating pain in [her] back down [her] right leg to the toes."
Due to the pain in her neck and back, Ms. Lizana saw Dr. Kathleen McDonald, her primary care physician, on January 28, 2002. Dr. McDonald diagnosed Ms. Lizana with fibromyalgia, concluded that she could not return to work, and referred her to Dr. Jeffery Oppenheimer, a neurosurgeon. Dr. Oppenheimer confirmed the diagnosis of fibromyalgia and agreed that Ms. Lizana could not work.
Subsequently, Dr. Louis Provenza, a neurosurgeon, treated Ms. Lizana for complaints of neck and lower back pain, with pain radiating from her hip to her toes on the right side. Dr. Provenza confirmed Ms. Lizana's diagnosis of fibromyalgia and determined that she was unfit for work.
With the exception of the medical expenses attributable to Dr. Fong, Gulf Coast Pain Institute and its workers' compensation insurer, Louisiana Workers' Compensation Corporation, paid none of Ms. Lizana's medical expenses. Gulf Coast Pain Institute and Louisiana Workers' *765 Compensation Corporation also refused to pay Ms. Lizana any workers' compensation indemnity benefits.
On July 25, 2002, Ms. Lizana filed a disputed claim for compensation with the Office of Workers' Compensation, seeking workers' compensation indemnity benefits, payment of medical expenses, medical treatment, and statutory penalties and attorney's fees. Therein, she named as defendants Gulf Coast Pain Institute and Louisiana Workers' Compensation Corporation.
After hearing the matter, the workers' compensation judge found that Ms. Lizana's neck and back pain and the fibromyalgia resulted from her accident of August 1, 2001. The workers' compensation judge rendered judgment in favor of Ms. Lizana, awarding her medical expenses and temporary, total disability benefits beginning January 28, 2002. The workers' compensation judge rejected Ms. Lizana's claim for penalties and attorney's fees. Gulf Coast Pain Institute and Louisiana Workers' Compensation Corporation appeal.
Herein, the occurrence of a work-related accident is undisputed. It is undisputed that Ms. Lizana advised her employer that she was experiencing back pain as well as knee pain after her accident of August 1, 2001. At trial, the defendants stipulated that the knee injury was compensable. That Ms. Lizana suffers from fibromyalgia and is disabled are also undisputed. The evidence reflects that Drs. McDonald and Provenza opined that Ms. Lizana's fibromyalgia is the result of her work-related accident. On the other hand, Dr. Oppenheimer declined to state his opinion in regard to the cause of the fibromyalgia, stating that he could not state one way or the other. On appeal, the appellants assert solely that the workers' compensation judge erred in concluding that the claimant's neck and back injuries and fibromyalgia are a result of the work-related accident that occurred on August 1, 2001, relying on Dr. Oppenheimer's statement.
Whether the claimant has carried his burden of proof and whether testimony is credible are questions of fact to be determined by the trier of fact. Harris v. Coushatta Indus. Sand, Inc., 31,977, p. 6 (La.App. 2 Cir. 6/16/99), 741 So.2d 143, 147. Factual findings in a workers' compensation case are subject to the manifest error or clearly wrong standard of review. Banks v. Indus. Roofing & Sheet Metal Works, Inc., 96-2840, pp. 7-8 (La.7/1/97), 696 So.2d 551, 556. Under the manifest error rule, the reviewing court does not decide whether the factual findings are right or wrong, but whether they are reasonable. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Where there are two permissible views of the evidence, a fact finder's choice between them can never be manifestly erroneous or clearly wrong. Stobart v. State, Through Dep't of Transp. and Dev., 617 So.2d 880, 882 (La.1993). Thus, "if the [fact finder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990).
In this case, we conclude that two permissible views of the evidence were presented. Ms. Lizana presented the opinions of two physicians who stated that her condition was caused by her work-related accident. In addition, Ms. Lizana's testimony concerning her experiences with neck and back pain during the interval between the time of the accident on August 1, 2001, and her initial diagnosis with fibromyalgia early the following year is consistent with the nature of the disease as *766 reflected in the record. Having been presented with two permissible views of the evidence, we cannot find that the judgment of the Office of Workers' Compensation is manifestly erroneous.
Accordingly, we affirm the judgment on appeal. Costs are assessed against Gulf Coast Pain Institute and Louisiana Workers' Compensation Corporation.
AFFIRMED.