915 So.2d 849 (2005)
Calvin Earl McCOY
v.
THE CITY OF HAMMOND
No. 2004 CA 0410.
Court of Appeal of Louisiana, First Circuit.
May 6, 2005.
*850 William R. Mustian, III, Metairie, Counsel for Plaintiff/Appellant, Calvin Earl McCoy.
Jeffrey C. Napolitano, Metairie, Counsel for Defendant/Appellee, The City of Hammond.
Before: CARTER, C.J., PETTIGREW, and MCDONALD, JJ.
CARTER, C.J.
In this District 6 workers' compensation dispute, the claimant, Calvin Earl McCoy, alleges he was injured on October 28, 2002, when he slipped down a flight of stairs while working alone at the north sewerage plant for the City of Hammond.
McCoy appeals, asserting that Workers' Compensation Judge Elizabeth Warren erred in finding McCoy failed to meet his burden of proving that a compensable accident occurred. The City of Hammond answers the appeal, alleging the workers' compensation judge erred in failing to find McCoy violated LSA-R.S. 23:1208 and in failing to assess civil penalties against McCoy.
The employee who claims a right to collect workers' compensation benefits has the burden of proving a work-related accident by a preponderance of the evidence. Guidry v. Brewer, 02-2693 (La. App. 1 Cir. 9/26/03), 857 So.2d 623, 625, writ denied, 03-2958 (La.1/9/04), 862 So.2d 993. Whether a claimant has carried his burden of proving a work-related accident and whether testimony is credible are questions of fact to be determined by the trier of fact. Lizana v. Gulf Coast Pain Institute, 03-1672 (La.App. 1 Cir. 5/14/04), 879 So.2d 763, 765.
Factual findings in a workers' compensation case are subject to the manifest error or clearly wrong standard of review. Under the manifest error rule, the reviewing court does not decide whether the factual findings are right or wrong, but whether they are reasonable. Lizana, 879 So.2d at 765. "If the [fact finder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Sistler v. Liberty Mutual Insurance Co., 558 So.2d 1106, 1112 (La. 1990). After a thorough review of the record and evidence in this matter, we cannot conclude that the judgment of the workers' compensation judge dismissing McCoy's petition was manifestly erroneous.
Nor do we find error in the decision to not assess civil penalties against McCoy. Any person willfully making a false statement or representation for the *851 purpose of obtaining workers' compensation benefits may be assessed civil penalties by the workers' compensation judge. LSA-R.S. 23:1208D. Whether a false statement was made "willfully" is a credibility call and, therefore, subject to the manifest error standard of review. Guidry, 857 So.2d at 628. The workers' compensation judge's conclusion that McCoy's statements did not rise to the level of a statutory violation was not manifestly erroneous.
For the reasons stated, the December 4, 2003 judgment is affirmed.[1] Costs of this appeal are assessed to Calvin Earl McCoy. This summary disposition is issued in accordance with the Uniform Rules of Louisiana Courts of Appeal, Rule 2-16.2A(8), and published in accordance with LSA-R.S. 23:1310.5F.
AFFIRMED.
NOTES
[1] Favret, Demarest, Russo & Lutkewitte, a Professional Law Corporation, and J. Paul Demarest and Celeste J L. Cardin, attorneys and members of the said law firm, filed a motion for leave of court to file a Petition for Intervention with this court. The motion was referred to the merits. Movers asserted that pursuant to a contract of legal representation, they represented McCoy through the trial of this matter. Movers sought recognition of their lien and privilege on any settlement or judgment proceeds that may be obtained on behalf of McCoy. Because the judgment of the workers' compensation judge dismissing McCoy's claims is affirmed, the motion is moot. Russell v. Snelling Personnel, 02-1347 (La.App. 1 Cir. 5/9/03), 849 So.2d 588, 592 n. 3.