927 So.2d 393 (2005)
Dennis MILLER
v.
FIDELITY ASSOCIATES, INC.
No. 2004 CA 2218.
Court of Appeal of Louisiana, First Circuit.
November 4, 2005.
*394 Michelle Sorrells, Baton Rouge, for Plaintiff-Appellant, Dennis Miller.
John J. Rabalais, Janice B. Unland, Robert T. Lorio, David S. Pittman, Covington, for Defendant-Appellee, Fidelity Associates, Inc.
Before: CARTER, C.J., DOWNING, and GAIDRY, JJ.
CARTER, C.J.
In this District 5 workers' compensation case, the claimant, Dennis Miller, alleged that he had injured his lower back after he descended a flight of stairs at the end of a sales call on November 13, 2002. The claimant sued his employer, Fidelity Associates, Inc., for benefits. The workers' compensation judge (WCJ) made a credibility determination regarding the claimant's version of the accident based upon his inconsistent testimony at trial, in his recorded statement, in his deposition, and in the medical histories he provided to his physicians as to how the accident occurred and the time frame for the onset of his back pain. The WCJ found that the claimant was not credible and that the claimant did not meet his burden of proving that an accident occurred at work. The claim was dismissed and the claimant appealed.
A workers' compensation claimant seeking benefits must prove by a preponderance of the evidence that an employment accident occurred and that it had a causal relationship to the disability. Guidry v. Brewer, 02-2693 (La.App. 1 Cir. 9/26/03), 857 So.2d 623, 625, writ denied, 03-2958 (La.1/9/04), 862 So.2d 993. Whether a claimant has carried his burden of proving a work-related accident and whether testimony is credible are questions of fact to be determined by the fact-finder. Lizana v. Gulf Coast Pain Institute, 03-1672 (La.App. 1 Cir. 5/14/04), 879 So.2d 763, 765.
Factual findings in a workers' compensation case are subject to the manifest error or clearly wrong standard of review. Under the manifest error rule, the reviewing court does not decide whether the factual findings are right or wrong, but whether they are reasonable. Id. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989).
After a thorough review of the record, we find that the WCJ had a reasonable basis upon which to determine that the claimant failed to satisfy his burden of proving that he suffered a work-related back injury. The evidence was conflicting and the claimant's various versions of the accident were inconsistent as to whether his back pain actually began at the base of the stairs, after entering his car, or after playing with his grandchild. We cannot say the WCJ's resolution of this *395 conflict was unreasonable. Where there are conflicting views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Id. The WCJ's factual determinations in this case were not clearly wrong and we see no legal error in the judgment of dismissal. Thus, in accordance with Uniform RulesCourts of Appeal Rule 2-16.2 A(4), (6), and (8), the WCJ's decision is affirmed. Costs of this appeal are assessed to the claimant, Dennis Miller.
AFFIRMED.
DOWNING, J., concurs.