977 So.2d 59 (2007)
Jody LEBLANC
v.
BOURGEOIS ERECTORS.
No. 2007 CA 0204.
Court of Appeal of Louisiana, First Circuit.
November 2, 2007.
*60 Kim New, Denham Springs, Louisiana, Plaintiff/Appellant In Proper Person.
Erik L. Burns, Denham Springs, Louisiana, for Defendant/Appellee, Jeffrey Bourgeois d/b/a Bourgeois Erectors.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
McCLENDON, J.
Plaintiff appeals a judgment of the workers' compensation judge dismissing her claim with prejudice. For the reasons that follow, we affirm.
On September 9, 2004, Jody Leblanc filed a disputed claim for compensation seeking workers' compensation benefits for an alleged injury to his back while working for Jeffrey Bourgeois d/b/a Bourgeois Erectors (Bourgeois Erectors). Specifically, Mr. Leblanc asserted that he hurt his back while helping a fellow employee lift a spreader bar weighing 100 pounds. Mr. Leblanc committed suicide on September 11, 2005. On October 18, 2005, Kim New, on behalf of her minor son, Jacob Leblanc, was substituted as the legal successor to the claim of Mr. Leblanc.[1]
*61 Trial of the matter was held on October 9, 2006, after which the Office of Workers' Compensation (OWC) left the record open until October 18, 2006, for the submission of post-trial memoranda. Judgment was rendered on November 2, 2006, finding that Ms. New failed to carry her burden of proving that Mr. Leblanc suffered a work-related injury. Accordingly, the OWC dismissed her claim against Bourgeois Erectors with prejudice. Ms. New has appealed, in proper person, asserting that the OWC was manifestly erroneous in its findings.
An employee is entitled to receive benefits for an injury that arises out of and in the course of his employment. LSA-R.S. 23:1031. The employee who claims a right to collect workers' compensation benefits has the burden of proving a work-related accident by a preponderance of the evidence. Guidry v. Brewer, 02-2693, p. 3 (La.App. 1 Cir. 9/26/03), 857 So.2d 623, 625, writ denied. 03-2958 (La.1/9/04), 862 So.2d 993. Whether a claimant has carried her burden of proof and whether testimony is credible are questions of fact to be determined by the workers' compensation judge. McCoy v. City of Hammond, 04-0410, p. 2 (La.App. 1 Cir. 5/6/05), 915 So.2d 849, 850.
Factual findings in a workers' compensation case are subject to the manifest error standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. Under the manifest error rule, the reviewing court does not decide whether the factual findings are right or wrong, but whether they are reasonable. Lizana v. Gulf Coast Pain Institute, 03-1672, p. 4 (La.App. 1 Cir. 5/14/04), 879 So.2d 763, 765. "If the [fact finder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Sistler v. Liberty Mutual Insurance Co., 558 So.2d 1106, 1112 (La. 1990). Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
The OWC, in its reasons for judgment, thoroughly discussed all of the evidence presented at trial, which included testimonial evidence, medical evidence, and the deposition testimony of Mr. Leblanc. The OWC concluded:
Looking at the evidence as a whole, the court concludes that plaintiffs have failed to meet their burden of proof by a preponderance of the evidence that Mr. Leblanc injured his back while working at Bourgeois Erectors on August 12, 2004. The medical records from Lallie Kemp dated August 13, 2004, which are closest in time to the alleged accident, make no mention of a work-related incident. On the contrary, the records indicate that Mr. Leblanc related a history of many years of back pain, and that he denied any recent trauma or injury. This history is consistent with many of the witnesses who testified at trial, including Kim New, who testified that Mr. Leblanc had prior back problems and on occasion missed work because of his back pain.
Additionally, Mr. Leblanc's deposition testimony is in conflict with the Summit Hospital records dated August 19, 2004, which indicate he gave a history of feeling a "pop" in his back when the alleged incident occurred on August 12, 2004. In his deposition, Mr. Leblanc was asked if he felt a pop or a tearing sensation *62 when it happened, but he testified that his back "just kind of starting hurting that day."
For all these reasons, the court finds that plaintiffs have failed to meet their burden, and the claim shall be dismissed with prejudice.
After a thorough review of the record and evidence in this matter, we conclude that the record reasonably supports the OWC's finding that Ms. New failed to establish by a preponderance of the evidence that Mr. Leblanc suffered an injury in a work-related accident. We cannot say that the OWC's judgment, dismissing Ms. New's claim, was manifestly erroneous.
For the above reasons, including those set forth in the OWC's reasons for judgment, the judgment of November 2, 2006 is affirmed. Costs of this appeal are assessed to Ms. New. This summary disposition is issued in accordance with Rule 2-16.2A (5), (6), (7), and (8) of the Uniform Rules of Louisiana Courts of Appeal.
AFFIRMED.
NOTES
[1] Jacob Leblanc is also the son of Jody Leblanc.