WHIPPLE, J.
12This matter is before us on appeal by claimant, James Butler, from a judgment of the Office of Workers’ Compensation (“OWC”) dismissing, with prejudice, Butler’s claims against his employer, L & N Food Store, Inc., and Retailers Casualty Insurance Company, based upon the finding that he failed to establish that he sustained a work-related injury and, accordingly, that he was not entitled to workers’ compensation benefits.
BACKGROUND FACTS
On January 27, 2010, Butler filed a disputed claim for compensation seeking workers’ compensation benefits for an alleged injury to his “upper back/neck” while working for L & N Food Store. Specifically, Butler asserted that on November 13, 2009, he “was climbing into a trailer and felt a pop in his upper back/neck.” He further asserted that he was entitled to penalties and attorneys fees pursuant to LSA-R.S. 23:1201, contending that his employer was arbitrary and capricious in its refusal to initiate workers’ compensation benefits.
Trial of the matter was held over the course of three days on September 20 and 24, 2010, and November 18, 2010. At the conclusion of trial, the OWC judge found that given the conflicting testimony and medical evidence, Butler failed to prove by a preponderance of evidence that he sustained a work-related accident. On November 29, 2010, judgment was rendered in accordance with the OWC judge’s oral reasons. Thus, Butler’s claims against L & N Food Store and Retailers Casualty Insurance Company were dismissed with prejudice. Butler now appeals, in proper person, asserting that the OWC judge was manifestly erroneous in her findings.[1]
*344 J^DISCUSSION
An employee is entitled to receive benefits for an injury that arises out of and in the course of his employment. LSA-R.S. 23:1031. The employee who claims a right to collect workers’ compensation benefits has the burden of proving by a preponderance of the evidence, that a work-related accident occurred. Guidry v. Brewer, 2002-2693 (La.App. 1st Cir.9/26/03), 857 So.2d 623, 625, writ denied, 2003-2958 (La.1/9/04), 862 So.2d 993. Whether a claimant has carried his burden of proof and whether testimony is credible are questions of fact to be determined by the workers’ compensation judge. McCoy v. City of Hammond, 2004-0410 (La.App. 1st Cir.5/6/05), 915 So.2d 849, 850.
Factual findings in a workers’ compensation case are subject to the manifest error standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551, 556. Under the manifest error rule, the reviewing court does not decide whether the factual findings are right or wrong, but whether they are reasonable in light of the record. Lizana v. Gulf Coast Pain Institute, 2003-1672 (La.App. 1st Cir.5/14/04), 879 So.2d 763, 765. “If the [fact finder’s] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have 14weighed the evidence differently.” Sistler v. Liberty Mutual Insurance Company, 558 So.2d 1106, 1112 (La.1990). Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact may not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
The OWC judge, in her oral reasons for judgment, thoroughly discussed all of the evidence presented at trial, which included both testimony and medical evidence. In considering whether Butler established that a work-place accident had occurred, the OWC judge noted that although Butler testified that the accident was witnessed by his supervisor, the supervisor denied witnessing any accident and testified that Butler did not réport an accident to him until days after it allegedly occurred. Moreover, although Butler contended he asked another co-worker, Claude Ledet, to fill out an accident report for him, Ledet denied knowing anything about the accident and further denied that *345 Butler had ever reported to him that he had hurt himself on the job. Ledet testified that he ran into Butler at Wal-Mart and that Butler asked Ledet for a copy of the accident report, which Ledet indicated he did not have.
The OWC judge also noted and considered the testimony of Patricia Thomas and Russell Thomas, Sr., members of Butler’s family, who testified that he had injured his back the day before the alleged workplace injury occurred, by lifting a man during horseplay at the Thomas’ home. As noted by the OWC judge, this testimony directly conflicted with Butler’s testimony that although he was at the Thomas’ home, the horseplay incident never happened and he did not injure himself on the day before his alleged work-place injury. Finally, the OWC judge noted that Butler had “extensive” pre-existing conditions and that he had undergone several surgeries. In particular, she | ¿thoroughly reviewed Butler’s medical history and noted that prior to the alleged injury his medical records showed that he had sought treatment for continued back pain as recently as the month before the alleged accident. After reviewing the conflicting testimony and evidence, the OWC judge found that Butler was not involved in a work-place accident, that he did not sustain a work-related injury, and that he did not aggravate a pre-existing condition as a result of any work-related accident.
After a thorough review of the record and evidence in this matter, which is replete with conflicts in the testimony, we conclude that the record reasonably supports the OWC judge’s finding that Butler failed to establish by a preponderance of the evidence that he sustained an injury due to a work-related accident. Thus, we cannot say that the judgment, dismissing his claims with prejudice, was manifestly erroneous.
Accordingly, the November 29, 2010 judgment of the OWC is hereby affirmed. Costs of this appeal are assessed to claimant/appellant, James Butler.
JUDGMENT AFFIRMED; MOTION TO DISMISS APPEAL DENIED; MOTION TO STRIKE GRANTED IN PART.

. In response to Butler’s brief on appeal, L & N Food Store filed a motion and order to strike appellant’s brief and for sanctions and to dismiss the appeal, contending that the brief contains facts and arguments which are not in evidence and are not contained any *344 where in the record on appeal, in violation of Uniform Rules — Courts of Appeal, Rules 2-12.2, 2-12.3, and 2-12.4. On review, we note that to the extent that Butler’s brief contains any references to testimony outside the record or arguments based on evidence not of record from the proceedings below, we do not consider such testimony or evidence not contained in the record. See Guedry v. Fromenthal, 633 So.2d 287, 289 (La.App. 1st Cir.1993) and Salassi v. State, Department of Public Safety and Corrections, Administrative Hearing Section, 96-0321 (La.App. 1st Cir.11/15/96), 684 So.2d 1014, 1017-1018. Nonetheless, even though L & N Food Store correctly notes that Butler failed to assign specific errors to the judgment of the OWC, the brief, although not artfully designated as such, generally appeals the OWC judge's finding that he failed to meet his burden in proving that a work-related accident occurred and that he sustained an injury as a result of that accident. Thus, in light of appellant’s pro se status and because appeals are favored in law, this court will consider his brief as presented in support of a general appeal of the merits of the OWC judgment despite the improper form of his appellate brief. See Putman v. Quality Distribution, Inc., 2011-0306 (La.App. 1st Cir.9/30/11), 77 So.3d 318, 320. Accordingly, we deny the portion of the L & N Food Store’s motion seeking to dismiss the appeal, but grant the portion of the motion seeking to prohibit consideration of any evidence and arguments not contained in or supported by the record before us on appeal.