431 So.2d 59 (1983)
Patricia B. WADDELL
v.
Benton BICKHAM, III, et al.
No. 82 CA 0594.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
*60 Iddo Pittman, Jr., Hammond, for defendant-appellee, Benton Bickham, III.
James E. Kuhn, Denham Springs, for defendant-appellee, Tangi Broadcasting Co.
David V. Batt, Metairie, for defendant-appellee, Hood Motor Co.
Richard Macaluso, Hammond, for plaintiff-appellant.
Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
Patricia B. Waddell and her husband, Donald Waddell, instituted this action against Benton Bickham III; his employer, Tangi Broadcasting Company, Inc., d/b/a WTGI Radio; the registered owner of the car leased and driven by Mr. Bickham, Hood Motor Company, Inc.; and the respective insurers of the defendants.
Subsequently, the defendant WTGI moved for, and the trial court granted, summary judgment in favor of WTGI on the ground that no genuine issue of material fact existed as to WTGI, inasmuch as Mr. Bickham was not acting within the course or scope of his employment at the time of the accident sued upon.
From the judgment dismissing WTGI as a defendant in the lawsuit, Mr. and Mrs. Waddell appeal. We affirm.
The principal issue presented on appeal is whether, based on the deposition, pleadings, and affidavits filed by the parties pursuant to WTGI's motion for summary judgment, a genuine issue of material fact was presented, and whether WTGI is entitled to a judgment as a matter of law.
The purpose of summary judgment is to provide a procedural device to determine, prior to trial, whether there is or is not a genuine issue of material fact. Miller v. East Ascension Telephone Co., 263 So.2d 360 (La.App. 1st Cir.1972), writ denied 262 La. 1121, 266 So.2d 430 (1972). If the movant produces convincing proof by affidavits or other receivable evidence of fact upon which the motion is based, and no counter affidavits or other receivable proof are offered by the opposing party to contradict that proof, the conclusion may be justified that there is no genuine issue as to the facts so proved. Haley v. City of Opelousas, 347 So.2d 903 (La.App. 3d Cir.1977).
Here, WTGI introduced an affidavit signed by the defendant Mr. Bickham stating that he was not acting within the course or scope of his employment at the time of the accident sued upon. Additionally, the deposition of Mr. Bickham, perpetuated at the instance of the plaintiff, reveals that Mr. Bickham was clearly not acting within the course or scope of his employment. At the deposition Mr. Bickham testified to the following: That he possessed both a company car and a personal car, and at the time of the accident he was driving his personal car to the grocery store to buy some steaks which he intended to take home and freeze. He had not been to work that morning, nor was he on his way to work at the time of the accident.
We find that WTGI has produced sufficient proof of the facts upon which its motion is based. It was incumbent upon the plaintiffs to respond to the defendant's motion by sufficient affidavit or otherwise so that a material issue of fact could be *61 shown. However, the plaintiffs failed to offer any receivable evidence to contradict WTGI's proof, and so we conclude that there is no genuine issue as to the facts so proved.
The plaintiffs further argue that all of the defendants, WTGI in particular, failed to comply with discovery, thereby denying the plaintiffs an opportunity to prove their case. The record reveals that the plaintiffs failed to obtain any court order requiring the defendants to comply with discovery. Furthermore, the interrogatories propounded by the plaintiffs pertaining to the scope of Mr. Bickham's employment were repetitive of the questions already answered by Mr. Bickham in his deposition. Because apparently no new information could be gleaned from the defendants' answers to the interrogatories, and because the defendants were under no court order to answer, we find no reversible error in the trial court's granting of the motion for summary judgment even though the interrogatories were not answered.
The mere claim by an opponent to a motion for summary judgment that he does not have in his possession the facts and information necessary to counter such a motion will not defeat a summary judgment motion. LSA-C.C.P. art. 967; Miller v. East Ascension Telephone Co., supra.
For the foregoing reasons, the judgment of the trial court granting the defendant's motion for summary judgment is hereby affirmed in all respects. Plaintiffs to bear all costs at trial and on appeal.
AFFIRMED.