DOWNING, J.
The sole issue presented on appeal is whether the trial court abused its discretion by granting a motion for summary judgment prior to the expiration of discovery cut-off dates.
“There is no absolute right to delay action on a motion for summary judgment until discovery is completed.” Vanderbrook v. Coachmen Industries, Inc., 01-0809, p. 8 (La.App. 1 Cir. 5/10/02), 818 So.2d 906, 911.
Plaintiff both declined to name her expert in answer to interrogatories and failed to file a countervailing affidavit from her expert in opposition to defendants’ motion for summary judgment because the delays for discovery and the exchange of expert witness reports had been extended by agreement of the parties. Plaintiff represented to the trial court that it in fact had an expert and represents to this court in brief that “plaintiff had an expert and could easily identify these witnesses should mediation fail.”
Louisiana Code of Civil Procedure art. 967 C provides that a party may oppose a motion for summary judgment by filing an affidavit asserting that “for reasons stated he cannot present by affidavit facts essential to justify his opposition.” Plaintiff here failed to file such an affidavit. Moreover, if plaintiff had filed an affidavit or motion for continuance stating that he had an expert, but declined to present the affidavit of the expert because discovery delays had not expired or because there was pending mediation, there would be no legal basis for the trial court to refuse to grant the motion for summary judgment or grant a continuance. Accordingly, we are compelled to affirm the trial court.
We issue this memorandum opinion in accordance with Uniform Rules-Courts of Appeal, Rule 2-16.1 B.
AFFIRMED.