STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

05-829

DAVID GUIDRY

VERSUS

TARVER MOTOR CO., INC., ET AL.

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2002-5769
HONORABLE J. DAVID PAINTER, DISTRICT JUDGE
**********

**GLENN B. GREMILLION
JUDGE**

**********

Court composed of Sylvia R. Cooks, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**REVERSED AND REMANDED.**

**John L. Olivier**
**Olivier & Brinkhaus**
**P.O. Drawer E**
**Sunset, LA 70584**
**(337) 662-5242**
**Counsel for Plaintiff/Appellant:**
    **David Guidry**

**Jere Jay Bice**
**Bice & Palermo, & Veron, L.L.C.**
**P. O. Box 2125**
**Lake Charles, LA 70602-2125**
**(337) 310-1600**
**Counsel for Defendant/Appellee:**
    **Tarver Motor Co., Inc.**

GREMILLION, Judge.

The plaintiff, David Guidry, appeals the judgment of the trial court granting summary judgment in favor of the defendant, Tarver Motor Company d/b/a Lake Charles Toyota. Guidry purchased a used Toyota truck from Tarver Motor, but experienced problems with it almost immediately after its purchase. After several futile attempts were made to correct the truck's problems, he filed suit against Tarver Motor seeking damages pursuant to his extended warranty. The trial court granted summary judgment in Tarver Motor's favor and dismissed Guidry's claims with prejudice. For the following reasons, we reverse and remand.

**FACTS**

On November 17, 1997, Guidry purchased a 1994 Toyota T-100 truck from Tarver Motor. At the same time, he purchased an extended warranty from Gulf States Mechanical Breakdown Insurance Company. The warranty was for two years or 24,000 miles, whichever came first. The truck's odometer read 67,380 miles at the time of its purchase. Thus, the extended warranty would extinguish two years later on November 18, 1999, or when the truck's odometer read 91,380 miles, whichever occurred first.

Guidry's petition outlines the various problems he had with the truck. Subsequent to purchasing the truck, he drove it to his second home, located in Kansas. After arriving there, the truck would not start. He towed the truck to the nearest Toyota dealership, 100 miles away, where it was repaired at the cost of $1000. When Guidry returned to Louisiana, he returned the truck to Tarver Motor because its brakes vibrated. While there, he was informed of a recall on the truck's

1

head gasket.  These repairs were performed and Guidry left the dealership.  Several miles later, the truck's engine began making a loud noise, so he returned to Tarver Motor.  It was discovered that there was no oil in the truck, so oil was put in the engine.

Guidry drove the truck to Kansas a second time.  On his return to Louisiana, he took the truck to Tarver Motor because the air conditioner stopped working.  This repair was effectuated and Guidry was charged for the repairs.  Shortly thereafter, the truck's engine developed a clicking noise.  This was determined to be a burnt valve seal and was repaired.

Guidry drove the truck to Kansas a third time.  After returning to Louisiana, he took the truck to Tarver Motor because the engine light remained on.  A repair was attempted by replacing the module for the truck's cruise control, speed odometer, and switch control.  However, the engine light remained on.  A further repair was attempted by Tarver Motor changing the switch control.  Although the engine light initially turned off, it lit up again when Guidry was in Shreveport, en route to Kansas.  When Tarver Motor's service manager was informed, he told Guidry to bring the truck to Tarver Motor on his return to Louisiana.  Due to a family emergency, Guidry returned to Louisiana immediately upon his arrival in Kansas.  While driving back, the truck became overheated in Oklahoma, but cooled down after he added water to the engine.  When he reached Louisiana and reported this to Tarver Motor's service manager, he was advised not to drive the truck any further.  After it was towed to Tarver Motor, it was determined that a head gasket in the engine had blown and that the valve seal had burned again.  These repairs cost Guidry $2700.

Guidry filed suit against Tarver Motor and Toyota Motor Sales, U.S.A., Inc. on November 25, 2002. In his Petition for Breach of Warranty Contract, he seeks damages for inconvenience and mental anguish. He also seeks attorney's fees, court costs, and special damages, which include reimbursement for repairs made at the Kansas Toyota dealership and at Tarver Motor, and for the cost of a new engine. Subsequently, Toyota Motor Sales was voluntarily dismissed from the suit by Guidry. Tarver Motor then filed a motion for summary judgment arguing that Guidry's suit should be dismissed as he has no claim against it under the extended warranty.

Following a hearing on the motion, the trial court granted summary judgment in favor of Tarver Motor and dismissed Guidry's claims against it with prejudice. It held that Tarver Motor was not a party to the extended warranty; thus, it could not be held liable for a breach of the contract. The trial court further opined that this was a redhibition action pursuant to La.Civ.Code art. 2520. However, as Guidry's petition failed to claim that it was such an action, the trial court granted summary judgment in favor of Tarver Motor. This appeal by Guidry followed.

## ISSUE

Guidry raises five assignments of error on appeal. Simply, he argues that the trial court erred in finding that Tarver Motor was not a party to the extended warranty contract purchased by him.

## SUMMARY JUDGMENT

The standard of review in summary judgment matters is well settled. *Magnon v. Collins*, 98-2822 (La. 7/7/99), 739 So.2d 191. Accordingly, we will now perform a de novo review of the matter.

## EXTENDED WARRANTY

The document pertaining to the extended warranty policy purchased by Guidry is entitled, "GULF STATES MECHANICAL BREAKDOWN INSURANCE COMPANY"; "MECHANICAL BREAKDOWN INSURANCE APPLICATION." In addition to containing information pertinent to Guidry's application, the document also contains an "Acknowledgment." Included in this portion of the document is the following:

> I, THE APPLICANT, APPLY TO GULF STATES MECHANICAL BREAKDOWN INSURANCE COMPANY (GSMIBIC) FOR A MECHANICAL BREAKDOWN INSURANCE POLICY COVERING THE VEHICLE DESCRIBED IN THIS APPLICATION. I UNDERSTAND THAT THE POLICY WILL BE ISSUED IN ACCORDANCE WITH THE INFORMATION CONTAINED IN THIS APPLICATION. MY SIGNATURE MEANS THAT I HAVE REVIEWED AND UNDERSTAND THE TIME AND MILEAGE LIMITATIONS AS SHOWN ABOVE AND THE REQUIRED MAINTENANCE LISTED BELOW.
>
> . . . .
>
> THIS IS ONLY AN APPLICATION FOR A MECHANICAL BREAKDOWN INSURANCE POLICY. RETAIN THIS FORM AS EVIDENCE OF YOUR APPLICATION. YOUR DEALER WILL SUBMIT A COPY OF THIS FORM TO THE ADMINISTRATOR, G S ADMINISTRATORS, INC. (GSA), WHICH WILL NOTIFY YOU OF ACCEPTANCE BY MAILING YOU YOUR POLICY. GSMBIC HAS APPOINTED GSA AS ADMINISTRATOR. IF YOU DO NOT RECEIVE YOUR POLICY FROM THE COMPANY WITHIN 60 DAYS, PLEASE CONTACT THE ADMINISTRATOR. THE ADDRESS IS: G S ADMINISTRATORS, INC., 7701 WILSHIRE PLACE DRIVE, HOUSTON, TEXAS 77040, OR CALL TOLL FREE 800-628-0027.

The application is signed by Guidry and by Gary B. Hood, an employee of Tarver Motor. The line signed by Hood contains the following description, "SIGNATURE OF DEALER (AGENT)."

In addition to introducing the signed application, Tarver Motor introduced a copy of the remaining pages of the application, which would have been presented to Guidry. A statement on the first page defines who the parties to the extended warranty contract are:

> This policy is between the Policy Holder ("You" or "Your") specified in the Policy Information and Gulf States Mechanical Breakdown Insurance Company ("GSMBIC"). It provides for the repair of mechanical failures of components specified in this Policy. GSMBIC may be hereinafter referred to as "Obligor". GSMBIC has appointed an Administrator, G S Administrators ("GSA"). GSA has the sole and exclusive responsibility for this Policy.

Louisiana Civil Code Article 2989 defines "mandate [as] a contract by which a person, the principal, confers authority on another person, the mandatory, to transact one or more affairs for the principal." If the mandate enters into a contract on behalf of his principal, and discloses such to the contracting party, then his principal is bound by the contract. The mandate is not bound unless he exceeded the limits of his authority in executing the contract. La.Civ.Code art. 3016. If the mandate failed to disclose his status and entered the contract in his own name, then he becomes personally liable under the contract. La.Civ.Code art. 3017.

In this instance, Tarver Motor acted as an agent for Gulf States Mechanical Breakdown Insurance Company (Gulf States) in the sale of the extended warranty contract. Furthermore, its status as mandatory for Gulf States was disclosed as the application form clearly identifies Gulf States as the provider of the warranty. As the record is devoid of any genuine issue of any material fact that Tarver Motor exceeded its authority in contracting with Guidry, Tarver Motor is not liable pursuant to the contract.

5

We further agree with the trial court that Guidry's action against Tarver Motor was more properly a redhibition action, rather than a claim under his extended warranty contract. A review of his petition reveals that he has plead sufficient facts asserting that the Toyota truck contained a defect which rendered it useless for its intended purpose; that the defect existed at the time of its purchase, and that Tarver Motor was given an opportunity to repair the truck, but failed to do so. La.Civ.Code art. 2520; *Vanderbrook v. Coachmen Indus., Inc.*, 01-809 (La.App. 1 Cir. 5/10/02), 818 So.2d 906.

Thus, we find that Guidry has alleged a claim in redhibition and that genuine issues of material fact exist with regard to this claim. Accordingly, we reverse the trial court's judgment dismissing Guidry's claims against Tarver Motor and remand the matter for further proceedings.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is reversed and the matter is remanded for further proceedings on the claim of redhibition. The costs of this appeal are assessed to the defendant-appellee, Tarver Motor Company d/b/a Lake Charles Toyota.

**REVERSED AND REMANDED.**