BOATS UNLIMITED
v.
SEA FOX BOAT COMPANY, INC.
No. 2007 CA 0393.
Court of Appeal of Louisiana, First Circuit.
November 2, 2007.
NOT DESIGNATED FOR PUBLICATION.
RICHARD CREED, Jr., Counsel for Plaintiff/Appellant Boats Unlimited.
JUDE C. BURSAVICH, LAUREN McSMITH and HERSCHEL C. ADCOCK, Sr., Counsel for Defendant/Appellee Sea Fox Boat Company, Inc.
Before WHIPPLE, GUIDRY, and HUGHES, JJ.
GUIDRY, J.
Plaintiff, Boats Unlimited[1], appeals a district court judgment that failed to award it any damages on its breach of contract claim. For the following reasons, we dismiss the appeal, without prejudice, and remand this matter for further proceedings.

DISCUSSION
Plaintiff, Boats Unlimited, and Sea Fox Boat Company, Inc. (Sea Fox) executed a dealer agreement on September 13, 2002, pursuant to which Boats Unlimited became a dealer for Sea Fox boats. However, Boats Unlimited was not satisfied with the quality of the boats provided by Sea Fox, and gave notice by letter dated October 20, 2003, that it wished to terminate the dealer agreement pursuant to the terms thereof. On April 7, 2005, Boats Unlimited filed suit in the 19th Judicial District Court against Sea Fox seeking damages for breach of contract. Boats Unlimited sought damages for unpaid warranty claims, expenses for maintenance and storage of the defective boats, loss of income, other equitable damages, and attorney fees, alleging Sea Fox breached the dealer's agreement by supplying defective boats and failing to pay warranty claims. It also requested that the district court confirm a prior decision of the Louisiana Used Motor Vehicle and Parts Commission (LUMVPC) that had ordered Sea Fox to repurchase Boats Unlimited's inventory of Sea Fox boats.[2]
Following trial, the district court rendered a written judgment providing as follows:
This matter came before the Court for trial on the merits on June 27, 2006. Present in Court were:
Richard Creed, Jr. for the plaintiff, Boats Unlimited; and
Jude C. Bursavich of Breazeale, Sachse & Wilson, L.L.P. and Herschel Adcock for the defendant, Sea Fox Boat Company Inc.
IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that Boats Unlimited be awarded a judgment in the amount previously awarded by the Louisiana Used Motor Vehicle and Parts Commission (LUMVPC) on April 31, 2004[3] and affirmed by Judge William A. Morvant on January 3, 2006 for repurchase of all outstanding 2003 and 2004 inventory from Plaquemine Marine, Inc. and one and one-half percent penalty on the 2003-2004 outstanding inventory from January 3, 2004 until the date of sale, disposition, or repurchase.
(Underscoring added.)
Our review of the judgment reveals it contains two fatal flaws that prevent it from being a valid, final judgment immediately appealable to this court.
First, we note that the judgment only addresses Boat Unlimited's request for confirmation of the Commission's decision regarding the repurchase of its inventory by Sea Fox, and fails either to dismiss or otherwise dispose of Boat Unlimited's breach of contract claim. Louisiana Civil Code of Procedure article 1915 B(1) provides that, when a court renders a partial judgment as to less than all of the claims, demands or issues, whether in an original or reconventional demand, the judgment shall not be considered final unless designated as a final judgment by the court after an express determination that there is no just reason for delay. In the absence of such a determination and designation, any order or decision that adjudicates fewer than all claims shall not constitute a final judgment for the purpose of an immediate appeal. La. C.C.P. art. 1915 B(1).
In the present case, although the trial court referred in its written reasons for judgment to Boat Unlimited's breach of contract claim, the written judgment does not contain a disposition of that claim. Nor does the record contain the requisite designation by the district court. Therefore, this partial judgment cannot constitute a final judgment for the purpose of an immediate appeal under La. C.C.P. art. 1915 B(1). This court's appellate jurisdiction does not extend to such a partial judgment. See La. C.C.P. arts. 1915 B(1) and 2083; Van ex rel. White v. Davis, XXXX-XXXX, p. 5 (La. App. 1st Cir. 2/16/01), 808 So.2d 478, 482-83.
Secondly, we conclude that the portion of the judgment purporting to award judgment in favor of Boats Unlimited for the repurchase price of its inventory is also fatally defective. A judgment must be precise, definite, and certain. Vanderbrook v. Coachmen Industries, Inc., XXXX-XXXX, p. 11 (La. App. 1st Cir. 5/10/02), 818 So.2d 906, 913. The amount of the recovery awarded by a judgment must be stated in the judgment with certainty and precision. Further, that amount must be determinable from the judgment itself, without reference to an extrinsic source such as pleadings or reasons for judgment. Vanderbrook, XXXX-XXXX at pp. 11-12, 818 So.2d at 913. A third person should be able to determine from a judgment the amount owed without reference to other documents. Vanderbrook, XXXX-XXXX at p. 12, 818 So.2d at 913-14.
The judgment rendered in this case merely states that Boats Unlimited is awarded judgment "in the amount previously awarded" by the Commission for the repurchase of outstanding inventory. It fails to set forth a specific amount, making it impossible to determine the amount awarded to Boats Unlimited by perusal of the judgment itself. Since the amount of the award is not stated with precision and certainty, the judgment is not a valid and proper final judgment.[4] See Vanderbrook, XXXX-XXXX at p. 12, 818 So.2d at 914; In re Succession of Jenkins, 41,202, pp. 4-5 (La. App. 2d Cir. 7/26/06), 936 So.2d 268, 271.
For the above reasons, this court lacks jurisdiction to review the instant judgment. Accordingly, we dismiss this appeal, without prejudice, and remand this matter to the lower court for further proceedings. See Carter v. Williamson Eye Center, 2001-2016, p. 3 (La. App. 1st Cir. 11/27/02), 837 So.2d 43, 44. Assessment of the costs of appeal is to await final disposition of this matter.
DISMISSED, WITHOUT PREJUDICE, AND REMANDED.
NOTES
[1] Plaintiff is actually incorporated under the name of Plaquemine Marine, but does business as Boats Unlimited.
[2] After termination of the dealer agreement, Boats Unlimited demanded, pursuant to former La. R.S. 32:773.2 (repealed by 2006 La. Acts, No. 440), that Sea Fox repurchase those Sea Fox boats still in its inventory. Upon Sea Fox's refusal, Boats Unlimited filed a complaint with LUMVPC, which rendered a decision in April 2004, ordering Sea Fox to repurchase all of Boat Unlimited's outstanding 2003 and 2004 inventories, as well as to pay a penalty of one and one-half percent from January 24, 2004, until paid. Sea Fox appealed this decision to the 19th Judicial District Court, where Judge William Morvant affirmed the decision by judgment dated January 3, 2006.
[3] The obvious error in this date occurred in the original LUMVPC decision.
[4] We also note that this portion of the district court judgment appears to be of no practical effect, since it awarded nothing new to Boats Unlimited. Previously, Boats Unlimited had obtained a decision to the same effect from LUMVPC, which decision was affirmed on appeal to the 19th Judicial District Court almost eight months prior to the rendition of the instant judgment. In the interest of judicial economy an appellate court may note mootness on its own motion, since appellate courts must avoid making decisions that can have no practical effect. See United Teachers of New Orleans v. Orleans Parish School Board, 355 So.2d 899, 900 (La. 1978); United Companies Lending Corporation v. Hall, 97-2525, p. 4 (La. App. 1st Cir. 11/6/98), 722 So.2d 48, 50. See also Suire v. Lafayette City-Parish Consolidated Government, XXXX-XXXX, p. 24 (La. 4/12/05), 907 So.2d 37, 55. However, since the appeal of this judgment is being dismissed on other grounds, we do not reach this issue.