EDNA ELIZABETH SPRING
v.
CHRISTOPHER J. EDWARDS
No. 2009 CU 0902
Court of Appeal of Louisiana, First Circuit.
December 7, 2009
Not Designated for Publication
D. MARK VALENTINE, CHARLES V. GENCO, Counsel for Plaintiff-Appellee Edna Spring Harper
BRENDA BRAUD, Counsel for Defendant-Appellant Christopher J. Edwards
Before: PARRO, KUHN, and McDONALD, JJ.
KUHN, J.
Defendant-appellant, Christopher J. Edwards, appeals the trial court's judgment, in favor of plaintiff-appellee, Edna Elizabeth Spring, the mother of the parties' three-year-old child, restricting his visitation, finding him in contempt of court, and ordering him to pay $1,000 to the clerk of court for attorney's fees until final resolution of this matter. We reverse in part, affirm in part, and remand.

FACTS AND PROCEDURAL HISTORY
This litigation commenced in April 2007, when Edna Spring (now Harper) petitioned the trial court for protection from abuse pursuant to La. R.S. 46:2131 et seq., averring that Edwards had stalked her, had threatened her with bodily harm and death, and had threatened to kidnap their infant son. On July 26, 2007, the trial court approved the parties' consent judgment, which ordered protection of Harper, granted her temporary custody of the parties' child, awarded child support, and dismissed her petition for protection from abuse.
Edwards subsequently filed rules seeking, among other things, custody, designation as domiciliary parent, and unsupervised visitation. After a hearing, the trial court issued a judgment on September 19, 2008, which awarded joint custody to the parties, with Harper designated as domiciliary parent, set forth a detailed unsupervised visitation schedule in favor of Edwards, and ordered the parties to refrain from drinking in the presence of the child.[1] Harper's motion for new trial was denied on January 7, 2009.
On December 30, 2008, Harper filed a motion to revoke and/or restrict visitation, for contempt, and to increase child support, alleging violations by Edwards of the September 19, 2008 judgment as well as a verbal ruling rendered on October 27, 2008. After a hearing, the trial court signed a judgment on March 6, 2009, limiting Edwards to supervised visitation with his child (every other Saturday and Sunday from 9:00 a.m. to 5:00 p.m.) and expressly prohibiting overnight visitation. Additionally, the trial court concluded that Edwards was in contempt of court and sentenced him to five days in jail. The jail sentence was suspended and Edwards was ordered to pay $1,000 in attorney fees to be held by the clerk of court.[2] Edwards appeals.

MODIFICATION OF VISITATION
Edwards contends the trial court erred in modifying the visitation award to supervised visitation when Harper failed to prove a material change in circumstances.[3]
There is a distinction between the burden of proof required to change a custody plan ordered pursuant to a considered decree and one ordered pursuant to a non-considered decree (or stipulated judgment). A non-considered decree or stipulated judgment is one in which no evidence is presented as to the fitness of the parents, such as one that is entered by stipulation or consent of the parties. Major v. Major, 02-2131, p. 7 (La. App. 1st Cir. 2/14/03), 849 So.2d 547, 551-52. A party seeking a modification of a consent decree must prove that there has been a material change of circumstances since the previous custody decree was entered and that the proposed modification is in the best interest of the child. Perry v. Monistere, 08-1629, pp. 4-5 (La. App. 1st Cir. 12/23/08), 4 So.3d 850, 853.
For purposes of this appeal, we conclude the September 19, 2008 judgment was a non-considered decree for which Harper had to prove a material change of circumstances since its rendition and that the proposed modification was in the best interest of the child.[4]
The trial court apparently based its modification of unsupervised visitation to supervised visitation on the finding that Edwards had been drinking during visitation with the minor child, which was a violation of the express terms of the September 19, 2008 judgment. Although Edwards claimed he was holding a beer for his brother-in-law that inadvertently spilled on him when the tractor hit a terrace row as he rode across a field on the back of a tractor on his way to investigate a fire, the trial court was within its purview to reject Edwards' version of events. Lance Lamarca, a state fire marshal, testified that he smelled alcohol on Edwards when he spoke with Edwards at the fire site, and he believed that Edwards had been drinking. While the record established that Lamarca did not conduct a field sobriety test and did not witness any stumbling or slurred speech by Edwards, the trial court was free to discredit Edwards' story as implausible on its face. See Stobart v. State, 617 So.2d 880, 882 (La. 1993).
Although the trial court was not manifestly erroneous in concluding that Edwards consumed alcohol during visitation with the minor child, this finding alone is insufficient to constitute a material change in circumstances so as to warrant a modification of the visitation schedule to limited, supervised visitation. While a trial court's determination of custody is entitled to great weight and will not be reversed on appeal unless an abuse of discretion is clearly shown, see Major v. Major, 02-2131, p. 4 (La. App. 1st Cir. 2/14/03), 849 So.2d 547, 550, we find a single incident of alcohol consumption in and of itself is insufficient to constitute the requisite material change in circumstances necessary to alter the visitation schedule determined in a custody decree. See, e.g., Hargrove v. Hargrove, 29, 590, p. 5 (La. App. 2d Cir. 5/9/97), 694 So.2d 645, 648, writ denied, 97-1853 (La. 10/31/97), 703 So.2d 24 (a mother's acts of shoplifting, false claim of being attacked, drug use, and voluntary admission to hospital for treatment did not establish material change in circumstances to warrant modifying custody determination). Equally important, the record is devoid of any evidence to support a finding that would explain how a change in the visitation schedule was in the best interest of the child. At the time Edwards was determined to have consumed alcohol, the minor child was inside the house with Edwards' mother-in-law. Additionally, the evidence established that Edwards was never alone with the child and that he did not drive with the child. Accordingly, we conclude the record is devoid of a factual basis to support findings of a material change in circumstances and that a modification is in the best interest of the child so as to warrant a change in the unsupervised visitation award set forth in the September 19, 2008 judgment. Thus, the trial court abused its discretion in ordering limited, supervised visitation. That portion of the trial court's judgment that modifies the visitation schedule is reversed.

CONTEMPT
Edwards asserts the trial court's determination that he was in contempt of court must be reversed because the judgment fails to recite the facts constituting the contempt. He also contends the punishment imposed is not supported by law.
Wilful disobedience of any lawful judgment constitutes constructive contempt of court. La. C.C.P. art. 224(2). To find a person guilty of constructive contempt, the trial court must find the person violated the court's order intentionally, purposely, and without justifiable excuse. Barry v. McDaniel, 05-2455, p. 5 (La. App. 1st Cir. 3/24/06), 934 So.2d 69, 73. If a person is found guilty of contempt, "the court shall render an order reciting the facts constituting the contempt, adjudging the person charged with contempt guilty thereof, and specifying the punishment imposed." La. C.C.P. art. 225B. Nevertheless, the jurisprudence has consistently held that a contempt judgment can stand, despite a failure to recite the facts constituting the basis for the citation in the order, if such facts are recited by the trial court in open court. Barry, 05-2455 at pp. 5-6, 934 So.2d at 73. The trial court is vested with great discretion in determining whether a party should be held in contempt for disobeying a court order, and the court's decision should be reversed only when the appellate court discerns an abuse of that discretion. Boudreaux v. Vankerkhove, 07-2555, pp. 10-11 (La. App. 1st Cir. 8/11/08), 993 So.2d 725, 733.
Our review of the record shows that the trial court articulated the basis of its finding of contempt. During its oral reasons for judgment, the trial court stated:
[L]et me just say, I don't find Mr. Edwards' testimony credible, at all. It doesn't make sense that he's driving on a tractor and he hits a [terrace row] and the beer bounces up and  come on, you've got to be kidding me.
Now, you think I'm stupid. You know that you were drinking when that occurred, let's move on [past] that.
Later, after finding Harper in contempt of court, the trial court stated, "But I find Mr. Edwards in contempt, also. He's doing the same kind of thing, and I find that he has violated the court order too." Edwards relies on this language to suggest the reference to "the same kind of thing" meant that the trial court recited the same facts as the basis of Edwards' contempt as it had used to find Harper in contempt of court. We disagree with Edwards' interpretation of the trial court's statement. Clearly, the trial court concluded that Edwards had consumed alcohol during his visitation with the child and that his reference to "the same kind of thing" meant that Edwards had also violated a court order.[5] And the evidence supports a finding that Edwards' consumption of alcohol in violation of the court order requiring him to refrain from drinking during visitation with the minor child was done intentionally, knowingly, and purposely, without justifiable excuse. Thus, because the record contains a recital by the court in open court of the facts that constituted the contempt, we find no abuse of discretion, and the trial court's contempt judgment stands.
With regard to punishment for contempt of court, La. R.S. 13:4611 provides, in pertinent part:
Except as otherwise provided for by law:
(1) The supreme court, the courts of appeal, the district courts, family courts, juvenile courts and the city courts may punish a person adjudged guilty of a contempt of court therein, as follows:
(a) For a direct contempt of court committed by an attorney at law, by a fine of not more than one hundred dollars, or by imprisonment for not more than twenty-four hours, or both; and, for any subsequent contempt of the same court by the same offender, by a fine of not more than two hundred dollars, or by imprisonment for not more than ten days, or both;
(b) For disobeying or resisting a lawful restraining order, or preliminary or permanent injunction, by a fine of not more than one thousand dollars, or by imprisonment for not more than six months, or both.
(c) For a deliberate refusal to perform an act which is yet within the power of the offender to perform, by imprisonment until he performs the act; and
(d) For any other contempt of court, including disobeying an order for the payment of child support or spousal support or an order for the right of custody or visitation, by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both.
(e) In addition to or in lieu of the above penalties, when a parent has violated a visitation order, the court may order any or all of the following:
(i) Require one or both parents to allow additional visitation days to replace those denied the noncustodial parent.
(ii) Require one or both parents to attend a parent education course.
(iii) Require one or both parents to attend counseling or mediation.
(iv) Require the parent violating the order to pay all court costs and reasonable attorney fees of the other party.
(f) A pattern of willful and intentional violation of this Section, without good cause, may constitute a material change in circumstances warranting a modification of an existing custody or visitation order.
Clearly, a court may punish a person adjudged guilty of a contempt of court for violating a visitation order by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both. La. R.S. 13:4611(1)(d); La. C.C.P. art. 227. Additionally, when a parent has violated a visitation order, the court may order that parent to pay reasonable attorney fees of the other parent. See La. R.S. 13:4611(1)(e)(iv).
In pertinent part, the judgment in this case provides:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Christopher Edwards is found to have violated a court order and will be held in contempt of court. Mr. Edwards shall be sentenced to five (5) days in jail, said time to be suspended, and he shall pay One Thousand Dollars ($1,000.00) in attorney's fees, which shall be held by the Clerk of Court of this parish until final resolution of this matter.
For his constructive contempt of court, the trial court punished Edwards by ordering a five-day term of imprisonment as authorized by La. R.S. 13:4611(1)(d), which it suspended. Additionally, the trial court ordered Edwards to pay $1,000 in attorney fees, which order appears to be an award of attorney fees of the other party under the authority of La. R.S. 13:4611(1)(e)(iv), as opposed to a fine as authorized by La. R.S. 13:4611(1)(d). However, the judgment fails to designate "the other party" as the payee of such attorney fees as required by La. R.S. 13:4611(1)(e)(iv). Instead, the judgment simply provides that the attorney fee award "shall be held by the Clerk of Court ... until final resolution of this matter."[6] A judgment must be precise, definite, and certain. Vanderbrook v. Coachmen Indus., Inc., 01-0809, p. 11 (La. App. 1st Cir. 5/10/02), 818 So.2d 906, 913. Since that portion of the judgment presently under review is not "precise, definite, and certain," we remand this matter to the trial court so that a proper judgment may be rendered in connection with this aspect of Harper's rule for contempt.

DECREE
For these reasons, we reverse that portion of the trial court's judgment that modifies the visitation schedule set forth in the September 19, 2008 judgment. That portion of the trial court's judgment which holds Edwards in contempt of court is affirmed. But we remand this matter so that a proper judgment may be rendered in connection with the order for Edwards to pay attorney fees pursuant to his being held in contempt of court for violation of a visitation order. Appeal costs are assessed one-half against plaintiff-appellee, Edna Elizabeth Spring Harper and one-half against defendant-appellant, Christopher Edwards.
REVERSED IN PART; AFFIRMED IN PART; REMANDED.
NOTES
[1] The judgment also designated a procedure for exchanging the child; ordered the parties to refrain from smoking in the presence of the child; required the parties to share information about the child with each other and to refrain from speaking negatively about the other parent in the child's presence; awarded child support in favor of Harper; established a method for tax exemption claims; and decreed that neither party could permanently remove the child from the court's jurisdiction without prior court approval.
[2] The trial court likewise found Harper in contempt of court, sentenced her to five days in jail, suspended the sentence, and ordered that she pay $1,000 in attorney fees to be held by the clerk of court. Harper's request for an increase in child support was denied. Harper has not appealed these rulings.
[3] Edwards maintained that the trial court was divested of jurisdiction when it granted an appeal of a judgment signed on February 2, 2009, which restricted the unsupervised visitation he was awarded in the September 19, 2008 judgment. We have concluded the February 2, 2009 judgment was an absolute nullity that we lacked jurisdiction to review. See Spring v. Edwards, 09-0873, p. 5 (La. App. 1st Cir. 12/7/09) (an unpublished opinion). The record clearly establishes that Harper subsequently filed her rule to revoke/restrict visitation, which was not heard until after rendition of the February 2, 2009 judgment. Thus, the March 6, 2009 judgment is properly before us. We additionally note that in his appellate brief, Edwards asserts a lack of material change in circumstances to justify the initial limitation imposed in the February 2, 2008 judgment as well as the further reduction set forth in the March 6, 2009 judgment. Because the February 2, 2009 judgment is null, in our review of the March 6, 2009 judgment we focus on whether Harper proved a material change in circumstances existed after September 19, 2008.
[4] Nothing in the record shows that a trial on the parents' respective fitness has ever been conducted. Thus, we apply the lesser burden of proof articulated in Perry, 08-1629 at pp. 4-5, 4 So.3d at 853.
[5] Edwards filed two rules for contempt alleging that Harper had refused to mutually agree to a supervisor for purposes of allowing Edwards supervised visitation as set forth in the July 26, 2007 consent judgment, which had disposed of Harper's petition for protection from abuse. Those matters were eventually heard on February 13, 2009, along with Harper's rule to revoke/restrict visitation. In finding Harper in contempt, the trial court stated that she had violated `"the June order," which Edwards correctly points out does not exist. Our review of the transcript convinces us the trial court's verbal comments immediately after the hearing of this protracted litigation were simply an erroneous reference to the date of the violated order and of no moment to the disposition of Edwards' appeal.
[6] Notably, La. R.S. 13:4611(1)(e)(iv) does not authorize the trial court to order that an award of attorney fees in favor of an opposing party be placed into the registry of the court.