# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2020 CA 0713

## MICHAEL D'LUCA

### VERSUS

## KENIQUE T. KIRKLAND, SAFEWAY INSURANCE COMPANY OF LOUISIANA, KATHRYN M. REED, ANPAC LOUISIANA INSURANCE COMPANY, & STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

### Consolidated With

## 2020 CA 0714

## KENIQUE KIRKLAND, KENIQUE KIRKLAND & ELLIS RHEAMS OBO KERRIGAN RHEAMS, KENIQUE KIRKLAND & WILLIAM HUNTER OBO KAMRYN HUNTER & SIERRA WICKER

### VERSUS

## KATHRYN REED, ANPAC LOUISIANA INSURANCE COMPANY, MICHAEL D'LUCA, & STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Judgment Rendered:  **FEB 1 9 2021**

\* \* \* \* \* \*

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Numbers 643458 c/w 650366

Honorable Timothy E. Kelley, Judge Presiding

\* \* \* \* \* \*

John A. Venezia
Julie O'Shesky
New Orleans, Louisiana

Counsel for Plaintiff/Appellant
Michael D'Luca

Charles L. Chassaignac, IV
Eleanor Weeks Wall
Baton Rouge, Louisiana

Counsel for Defendant/Appellee
ANPAC Louisiana Insurance Company

\* \* \* \* \* \*

BEFORE:  GUIDRY, McCLENDON AND LANIER, JJ.

**McCLENDON, J.**

Following a trial on the merits, the trial court rendered judgment awarding damages in favor of plaintiff and against defendants, apportioned fault between the parties, and reduced the amount of damages recoverable by plaintiff in proportion to the percentage of plaintiff's fault. Plaintiff appealed, challenging the trial court's allocation of fault. For the reasons that follow, we dismiss the appeal.

## FACTUAL AND PROCEDURAL HISTORY

This suit arises from a four-vehicle collision that occurred on College Drive in Baton Rouge, Louisiana, on August 4, 2015. The lead vehicle was struck from behind by the vehicle driven by plaintiff-appellant, Michael D'Luca; Mr. D'Luca's vehicle was struck from behind by the third vehicle, driven by Kenique Kirkland Steward; and Ms. Steward's vehicle was struck from behind by the fourth vehicle, driven by Kathryn Reed.

Mr. D'Luca filed a petition for damages on October 30, 2015, naming as defendants Ms. Steward, as the driver of the third vehicle; Ms. Steward's alleged insurer, Safeway Insurance Company (Safeway); Ms. Reed, as the driver of the fourth vehicle; Ms. Reed's alleged insurer, ANPAC Louisiana Insurance Company (ANPAC); and Mr. D'Luca's uninsured/underinsured motorist insurer, State Farm Mutual Automobile Insurance Company (State Farm). State Farm was dismissed on March 30, 2016. Safeway and Ms. Steward were dismissed on March 14, 2017, and October 31, 2017, respectively. Thus, Mr. D'Luca, Ms. Reed, and ANPAC remained as parties when the matter proceeded to trial.

Following a September 10, 2019 bench trial, the trial court found "it is clear that [Mr. D'Luca] maneuvered onto College [Drive] in an unsafe manner" that forced Ms. Steward to make an unsafe stop. The trial court also found that Ms. Reed was unable to stop because she was following too closely. Accordingly, the trial court allocated eighty percent (80%) fault to Mr. D'Luca and twenty percent (20%) fault to Ms. Reed. The trial court awarded Mr. D'Luca property damage in the amount of $6,276.91, medical expenses in the amount of $5,375, and general damages in the amount of $17,500.[1] A written judgment executed on September 23, 2019 awarded Mr. D'Luca $5,830.38,

---

[1] Plaintiff stipulated to damages of fifty thousand dollars or less prior to trial.

2

representing twenty percent of Mr. D'Luca's total damages, for which Ms. Reed and ANPAC were liable. Mr. D'Luca appealed, challenging the trial court's allocation of fault.

## DISCUSSION

It is the duty of appellate courts to examine subject matter jurisdiction *sua sponte*, even when the issue is not raised by the litigants. **Duplessis Buick-GMC Truck, Inc. v. Chauncey**, 2019-1304 (La.App. 1 Cir. 5/11/20), 304 So.3d 436, 440. This court's appellate jurisdiction extends only to "final judgments." See LSA-C.C.P. art. 2083(A). Under Louisiana law, a final judgment is one that determines the merits of a controversy in whole or in part. LSA-C.C. art. 1841.

A valid judgment must be precise, definite, and certain. Moreover, a final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Advanced Leveling & Concrete Sols. v. Lathan Co., Inc.**, 2017-1250 (La.App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046. These determinations should be evident from the language of the judgment without reference to other documents in the record. **Id.** The specific nature and amount of damages should be determinable from a judgment so that a third person is able to determine from a judgment the amount owed without reference to other documents in the record. **Advanced Leveling**, 268 So.3d at 1046, citing **Vanderbrook v. Coachmen Industries, Inc.**, 2001-0809 (La.App. 1 Cir. 5/10/02), 818 So.2d 906, 913-14. The absence of the necessary decretal language results in a judgment that is not final and appealable. **Matter of Succession of Weber**, 2018-1337 (La.App. 1 Cir. 4/29/19), 276 So.3d 1021, 1027.

The September 23, 2019 judgment at issue in this appeal renders judgment in favor of Mr. D'Luca "in the amount of FIVE-THOUSAND EIGHT-HUNDRED THIRTY AND 38/100 DOLLARS ($5,830.38), with judicial interest from date of demand and twenty percent (20%) of the costs of this proceeding." This language does not specify the amount of the costs of the proceeding, nor does it indicate whether the costs awarded include court costs, attorney's fees, expert witness fees, and/or other expenses

3

incurred.[2] Consequently, the precise amounts of the costs awarded in the September 23, 2019 judgment cannot be determined from the judgment alone. This indefinite award renders the entire judgment non-appealable. In the absence of a final appealable judgment, this Court lacks subject matter jurisdiction to review the merits of Mr. D'Luca's appeal. See **Advanced Leveling**, 268 So.3d at 1046; **Baker v. Perret**, 2018-0812 (La.App. 1 Cir. 12/28/18), 304 So.3d 860, 861-62.[3] Accordingly, the appeal is dismissed.

## CONCLUSION

For the foregoing reasons, we dismiss the appeal of the September 23, 2019 judgment. Costs of this appeal are assessed to Mr. D'Luca.

**APPEAL DISMISSED.**

---

[2] Additionally, we note that although the judgment awards judicial interest beginning on the date of demand, the judgment does not indicate when judicial interest will cease to accrue.

[3] The record is devoid of any evidence of a separate hearing to determine the amount of costs.

4