CLARENCE E. MCMANUS, Judge Ad Hoc.
1 STATEMENT OF THE CASE
On June 16, 2003, claimant, Luwana Thomas, was injured while working as an assistant manager at Sonic Drive-In. She was standing at the manager’s desk changing the credit card paper. She reached onto a shelf for the paper when the paper and other items fell on her. She reported the injury to her employer and was told to seek medical treatment. She was treated at the emergency room of Lakeview Regional Medical Center on June 16, 2003. Sonic completed a First Report of Injury form stating details of the accident and stating that Thomas received medical treatment at Lakeview Regional.
Thomas filed a Disputed Claim for Compensation on June 14, 2004 seeking penalties and attorney’s fees for Sonic’s failure to pay her emergency room bills. Attached to the Disputed Claim were two bills from Lakeview Regional dated November 26, 2003 and February 28, 2004, seeking $506.00 for treatment on June 16, 2003 and a bill dated January 19, 2004 from Telerecovery on behalf of Data Services Radiology for $55.00. Thomas and Sonic both filed motions for summary judgment. Both motions were denied on February 4, 2005, after a hearing before the workers’ compensation court.
Trial was held on February 24, 2005 and the workers’ compensation court ordered Sonic to pay $2,000.00 in penalties and $2,000.00 in attorney’s fees because of Sonic’s failure to timely pay medical bills as required by La. R.S. |S23:1201(E). A written judgment was signed by the court on February 25, 2004. Sonic now timely appeals that judgment. Thomas filed an Answer to Appeal seeking an increase in the award of attorney’s fees to cover the additional expenses and fees incurred as a result of this appeal.

DISCUSSION

On appeal, Sonic argues two assignments of error. First, Sonic argues that the workers’ compensation court committed manifest error in awarding penalties and attorney’s fees and finding that Sonic failed to timely pay Thomas’ medical expenses pursuant to La. R.S. 23:1201. Sonic argues there was no evidence provided *722 to prove the medical expenses did not go unpaid for over sixty days after written demand for payment. Sonic argues that Thomas never provided written demand for payment of the medical expenses to it, or its insurance carrier. Sonic argues that the only medical bill from Lakeview Regional received by it was received on March 8, 2004 and was paid on May 3, 2004, which is less than sixty days. Second, Sonic argues that the workers’ compensation court committed legal error in finding that Sonic failed to timely pay Thomas’ medical expenses because La. R.S. 23:1201 requires written notice be received by the employer or the workers’ compensation insurance carrier prior to the beginning of the 60 days period before which penalties are assessed. Sonic argues the workers’ compensation court failed to utilize the proper legal standard by not applying a strict and narrow construction of La. R.S. 23:1201 in awarding penalties. Sonic further argues the workers’ compensation court violated due process by not granting summary judgment in its favor when Thomas failed to provide an opposition to the motion.
In opposition, Thomas contends that she delivered a copy of the outstanding medical bill to her supervisor, Sheila Hodge, in September 2003. She contends the Lbills remained outstanding; therefore, she filed the claim for penalties and attorney’s fees on June 14, 2004. Thomas also points out that, the adjuster for Sonic’s workers’ compensation insurance carrier, Kelly Deaton, testified at trial that Sonic had written knowledge of the outstanding bills. Therefore, Thomas argues the workers’ compensation court correctly found that Sonic had violated La. R.S. 23:1201 by failing to timely pay her medical expenses and the court correctly awarded penalties and attorney’s fees.
Factual findings in a workers’ compensation ease are subject to the manifest error or clearly wrong standard of review. Miller v. Fidelity Associates, Inc., 2004-2218 (La.App. 1 Cir. 11/4/05), 927 So.2d 393, citing Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Under the manifest error rule, the reviewing court does not decide whether the factual findings are right or wrong, but whether they are reasonable. Id. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Id.
La. R.S. 23:1201(E) provides that medical benefits payable under workers’ compensation shall be paid within sixty days after the employer or insurer receives written notice of the expense. La. R.S. 23:1201(F) states:
F. Failure to provide payment in accordance with this Section or failure to consent to the employee’s request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand ^dollars. *723 An award of penalties and attorney fees at any hearing on the merits shall be res judicata as to any and all claims for which penalties may be imposed under this Section which precedes the date of the hearing. Penalties shall be assessed in the following manner:
(1) Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault. No workers’ compensation insurance policy shall provide that these sums shall be paid by the insurer if the workers’ compensation judge determines that the penalty and attorney fees are to be paid by the employer rather than the insurer.
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
(3) Except as provided in Paragraph (4) of this Subsection, any additional compensation paid by the employer or insurer pursuant to this Section shall be paid directly to the employee.
(4) In the event that the health care provider prevails on a claim for payment of his fee, penalties as provided in this Section and reasonable attorney fees based upon actual hours worked may be awarded and paid directly to the health care provider. This Subsection shall not be construed to provide for recovery of more than one penalty or attorney fee.
(5) No amount paid as a penalty or attorney fee under this Subsection shall be included in any formula utilized to establish premium rates for workers’ compensation insurance.
We find the workers’ compensation court was not manifestly erroneous in finding that Sonic failed to timely pay Thomas’ medical expenses and awarding Thomas penalties and attorney’s fees. Thomas testified in her deposition that she spoke to the workers’ compensation insurance adjuster, Brandy, when she started receiving bills from Lakeview Regional around the first of September 2003. Thomas stated she was told by Brandy that the bills would be taken care of Thomas further testified in her deposition that she continued to receive bills in the mail so she called Brandy again and was told the bills had been paid.
Thomas testified at trial that when she started receiving the bills from Lakeview Regional around the middle of August, she took them to Sheila Hodge at | fiSonic. According to Thomas, Hodge told her to fax them to the workers’ compensation insurance carrier and she did fax the documents from the fax machine in the Sonic office. She further testified that she talked to the adjuster and was told the bills would be paid.
Kelly Deaton, the adjuster for the workers’ compensation insurance carrier, testified at trial that the previous adjuster on the claim was Brandy Daigle. Deaton was not the adjuster on the claim at the time Thomas contends she called and sent the bills to the insurance company. Deaton testified that the workers’ compensation insurance carrier received the Lakeview Regional bills on March 8, 2004 and paid them on May 3, 2004. She testified that the claim file noted no correspondence from Thomas; however, she was unable to confirm whether or not Brandy had any conversations, or shared correspondence, with Thomas regarding the Lakeview Regional bills, prior to March 8, 2004.
Therefore, we find the workers’ compensation court was not manifestly erroneous or clearly wrong in concluding that Sonic failed to timely pay the Lakeview Regional bills in accordance with La. R.S. 23:1201.
*724 Accordingly, we affirm the judgment of the workers’ compensation court awarding Thomas $2,000.00 in penalties and $2,000.00 in attorney’s fees for Sonic’s violation of La. R.S. 23:1201. Further, we award Thomas an additional $1,000.00 in attorney’s fees for her legal expenses incurred as a result of this appeal.

AFFIRMED.